16 Kan. App. 2d 307 (1991)
822 P.2d 640
IN THE INTEREST OF D.A.H., A Minor Child Under Eighteen Years of Age.
No. 66,504
Court of Appeals of Kansas.
Opinion filed December 13, 1991.
Robert D. Wilson, of Arkansas City, guardian ad litem, appellant.
N.M. Iverson, Jr., of Arkansas City, for the appellee natural father.
David Maslen, deputy county attorney, and Robert T. Stephan, attorney general, for the appellee State of Kansas.
Before RULON, P.J., DAVIS, J., and JAMES P. BUCHELE, District Judge, assigned.
DAVIS, J.:
This is an appeal by the guardian ad litem from the trial court's dispositional order placing custody of D.A.H. with the natural father. The guardian ad litem attempted to present evidence at the disposition hearing concerning placement of the child but the court would not allow him to do so. We reverse and remand for further proceedings.
The child in need of care proceeding was initiated by petition alleging that while in the custody of his natural mother, D.A.H. was a child in need of care. The reasons set forth in the petition alleged that D.A.H. was physically, sexually, mentally, or emotionally abused and neglected. A protective custody order was entered, giving temporary custody of D.A.H. to the maternal grandparents. Robert Wilson was appointed as guardian ad litem after the original guardian ad litem was excused. The natural father requested that he be given custody.
After D.A.H. was adjudicated a child in need of care and upon a hearing with all interested parties and persons appearing to determine what disposition to make for the child, the court asked *308 all counsel if they had anything to say. The guardian ad litem said that counsel had not agreed on disposition and he was prepared on behalf of the child to present evidence in support of the child's continued placement with the maternal grandparents. According to the guardian ad litem, this was the child's preference and such a placement was in the best interests of the child because there were problems with the father's second wife regarding anger. According to the guardian ad litem, D.A.H.'s stepmother had to be physically restrained on one occasion because of her anger and it was possible that a repeat of his might adversely affect D.A.H.
Counsel for the father responded that his wife had been through counseling and was continuing with local counseling. The father was comfortable with his wife's progress and said she was prepared to go to counseling with D.A.H. The natural mother's attorney expressed the mother's desire that D.A.H. remain with her but that if the court did not agree, that she would prefer that the child be with his father.
The court placed the child with his father, with reasonable visitation rights for all others, and asked the father to leave D.A.H. with the maternal grandparents for two months to allow a smoother transition. The court explained that it understood the position of the guardian ad litem but could not give permanent custody to the grandparents without a showing of parental unfitness.
The guardian ad litem offered to present witnesses to show parental unfitness. The court then advised that another motion would have to be filed before evidence of the father's unfitness could be received. In further response to the guardian ad litem's request to present evidence, the court stated it was not proper evidence for disposition and the court did not need to hear any allegations at that time.
The guardian ad litem then asked for an order that counseling reports regarding the status of the stepmother be made available. The court refused, saying it had no jurisdiction to make such an order.
After a child has been adjudged a child in need of care, K.S.A. 38-1562(a) provides that prior to disposition, any interested parties and persons required to be notified of the dispositional hearing *309 shall be allowed to be heard as to their proposals for appropriate disposition of the case. K.S.A. 38-1562(c) provides:
"Prior to entering an order of disposition, the court shall give consideration to the child's physical, mental and emotional condition; the child's need for assistance; the manner in which the parent participated in the abuse, neglect or abandonment of the child; and the evidence received at the dispositional hearing." (Emphasis added.)
K.S.A. 1990 Supp. 38-1563(a) further provides that "[a]fter consideration of any evidence offered relating to disposition, the court may retain jurisdiction and place the child in the custody of the child's parent subject to terms and conditions which the court prescribes to assure the proper care and protection of the child." (Emphasis added.)
K.S.A. 38-1505(a) requires the court to appoint an attorney for the child who is the subject of the child in need of care proceedings: "The guardian ad litem shall make an independent investigation of the facts upon which the petition is based and shall appear for and represent the chyld." The guardian ad litem attempted to present evidence bearing upon what he considered the best interests of the child. His evidence suggested a different disposition than ordered by the court for the reason, as expressed by the guardian, that placement of the child with the father may not be in the best interests of the child because of the stepmother's problem with controlling her anger.
The refusal of the trial court to allow the guardian ad litem to present evidence at the dispositional hearing concerning the placement of the child was reversible error. We can think of no instance where the presentation of evidence by a guardian ad litem on behalf of the best interests of a child in a dispositional hearing may be excluded by the court.
K.S.A. 1990 Supp. 38-1563(d) provides:
"If the court finds that placing the child in the custody of a parent will not assure protection from physical, mental or emotional abuse or neglect or sexual abuse or will not be in the best interests of the child, the court shall enter an order awarding custody of the child, until the further order of the court, to one of the following:
"(1) A relative of the child or a person with whom the child has close emotional ties; ...
....

*310 "In making such a custody order, the court shall give preference, to the extent that the court finds it is in the best interests of the child, first to granting custody to a relative of the child and second to granting custody of the child to a person with whom the child has close emotional ties.
"If the court has awarded legal custody based on the finding specified by this subsection, the legal custodian shall not return the child to the home of that parent without the written consent of the court."
The trial court's statement that it could not place the child with the grandparent unless it made a finding of unfitness on the part of the father was error. Other statements made by the court concerning evidence which may be presented at a dispositional hearing are also in error.
The disposition of the case after an adjudication of child in need of care has been made is extremely important. The code grants a court many alternatives in dealing with the best interests of the child after the child has been adjudicated a child in need of care. It might be said that the legislature has taken an enlightened view of child welfare in the dispositional portion of the code for care of children as well as in the adoption of the entire code. The refusal of the court to hear evidence from the child's attorney upon disposition in many respects ignores the best interests of the child. The very purpose of the dispositional hearing is to acquaint the court with all the available alternatives.
Reversed and remanded for a new dispositional hearing.